**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| **LEE ANN RHOTON,** | ) | |
| | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | |
| **MODIS, INC., a foreign corporation** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff, LEE ANN RHOTON, by her undersigned attorneys, for her Complaint against the Defendant MODIS, INC., alleges as follows:

## NATURE OF ACTION AND PARTIES

1.      This civil action is brought by the above-named individual plaintiff who seeks redress for the Defendant's violations of her rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.  and for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq.

2.      Plaintiff Lee Ann Rhoton was employed by Defendant as a temporary employee with their client, Allstate Insurance, in Allstate's location Northbrook, Illinois office.  Defendant has one office in the state of Illinois serving the Chicagoland area.

3.      Defendant implemented a scheme whereby Plaintiff was not paid for all hours worked and was not paid overtime for hours worked in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA").

4.      Defendant knowingly and willfully failed to pay Plaintiff her wages in accordance with applicable federal and state law, including but not limited to overtime wages that were improperly underpaid due to Defendant's compensation policy. Plaintiff seeks redress pursuant to 29 U.S.C. §216(b) for violations of the FLSA.

5.       Upon information and belief, at all times hereinafter mentioned, Defendant Modis was and still is a private domestic corporation with its headquarters in Jacksonville, Florida.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367.  The Court has personal jurisdiction over Defendant pursuant to Federal Rule 4 (k)(1), in that Defendant has sufficient contact with the state of Illinois as they conducted business within the state. *See* 735 ILCS 5/2-209.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

8.      This lawsuit arises out of Defendant's practice of knowingly and willfully refusing to pay the Plaintiff for all compensable work time and for failing to pay overtime for those weeks when she worked more than 40 hours in a particular week.

9.      At all times relevant, Plaintiff was a non-exempt employee of Defendant Modis, as defined by the FLSA. Plaintiff Rhoton was employed by the Defendant from July 31, 2014 to October 31, 2014.

10.      At all times relevant, Modis was an employer, as defined by the FLSA and Illinois state law.

11.      Defendant Modis is engaged in interstate commerce as that term is used in the FLSA.

12.      At all times relevant, Plaintiff was engaged in interstate commerce.

13.      During the course of employment with Defendant Modis, Ms. Rhoton was not exempt from overtime wages. However, she was only paid straight time for some of the hours worked and did not receive overtime compensation as required by the FLSA and the IMWA. In addition, the Defendant did not pay the Plaintiff for the straight time hours worked over 40 hours in a particular week.

14.      Plaintiff was paid an hourly wage for temporary employees. At the time of filing this Complaint, Plaintiff Rhoton was paid $58.50 an hour.

15.      During the course of her employment with Modis, the Plaintiff routinely worked in excess of 40 hours per week. She was instructed not to record more than 40 hours in a given week, but she routinely worked more, sometimes as much as 55 hours in a work week.

16.      Despite the fact that the Plaintiff was not exempt, Defendant Modis did not pay her the proper wages she was owed, including payment of all compensable time and payment of overtime wages for work in excess of 40 hours per week.

17.      Plaintiff is entitled to actual and liquidated damages for Defendant's actions.

## COUNT I
## FAILURE TO PAY MINIMUM WAGES AND OVERTIME WAGES UNDER THE FLSA

18.    Plaintiff realleges and incorporates by reference all the above allegations.

19.    Under the FLSA, the Plaintiff, as a temporary employee, was entitled to be paid overtime for all hours worked over 40 in a given work week.

20.    The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

21.    Defendant failed to compensate the Plaintiff at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

22.    Defendant's violation of the FLSA for failure to pay the Plaintiff overtime wages was willful and deliberate.

23.    Upon information and belief, Defendant's practice as described above was not approved in writing by the United States Department of Labor.

24.    Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

25.    Due to Defendant's violation of the FLSA, the Plaintiff is entitled to recover from Defendant her unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

26.    Plaintiffs repeat and re-allege the above paragraphs.

27.    Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

28.    Defendant failed to pay Plaintiff for overtime hours worked.

29.     The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*   Defendant's actions were willful and not in good faith.

30.     Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

1.     Award all actual damages suffered by Plaintiff;

2.      Enter an order declaring that Defendant willfully violated the overtime provisions of the FLSA and the IMWA;

3.     Award Plaintiff damages in the amount of overtime wages required by the FLSA and the IMWA improperly denied her by Defendant's actions;

4.     Award Plaintiff liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

5.     Award Plaintiff punitive damages;

6.     Award Plaintiff prejudgment interest pursuant to the IMWA;

7.     Award Plaintiff post-judgment interest;

8.     Award Plaintiff reasonable attorneys' fees as well as the costs of this action;

9.     Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues raised by the Complaint.

Dated: December 7, 2015

Respectfully submitted,

LEE ANN RHOTON

By: _____/s/ Terrence Buehler_____

Terrence Buehler
Law Office of Terrence Buehler
55 West Wacker Drive
Suite 1400
Chicago, Illinois 60601
Telephone:  (312) 372-220929